IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | **4:21CR3079** |
| vs. | |
| BALMORE HERNANDEZ-CASTRO, and SANTOS ROSENDO HERNANDEZ, | **ORDER** |
| Defendants. | |

Defendant Santos Rosendo Hernandez has moved to sever, stating "[t]here is a serious risk that a joint trial will compromise a specific trial right to this Defendant." (Filing No. 46). The court has reviewed the motion[1] and the government's brief in opposition. (Filing No. 49). Upon consideration of the filings, the motion to sever will be denied.

ANALYSIS

Santos Rosendo Hernandez was indicted with his son, codefendant Balmore Hernandez-Castro, for assaulting and injuring a federal officer while the officer was engaged in the performance of official duties. Count I of the indictment alleges:

> On or about July 12, 2021, in the District of Nebraska, defendants BALMORE HERNANDEZ-CASTRO and SANTOS ROSENDO HERNANDEZ intentionally used force in assaulting, resisting, opposing, impeding, intimidating, and interfering with Victim One, an officer and employee of the United States, and an employee of an

---

[1] Defendant did not file a brief in support of his motion.

agency in a branch of the United States Government, while that officer and employee was engaged in and on account of the performance of his official duties, and in doing so, made physical contact with Victim One and inflicted bodily injury on Victim One.
In violation of Title 18, United States Code, Section 111, and Title 18, United States Code, Section 2.

Filing No. 1.

Under Fed. R. Crim. P. 8(b), an indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534, 537 (1993). Joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Id.

Fed. R. Crim. P. 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." In Zafiro, the United States Supreme Court stated, "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. To warrant severance, a defendant "must show 'real prejudice,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'" United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004) (citing United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993.)).

2

Rosendo Hernandez does not appear to be challenging joinder under Fed. R. Crim. P. 8(b), but instead argues that a joint trial would be prejudicial under Fed. R. Crim. P. 14(a). The court held a competency hearing for codefendant Hernandez-Castro and has ordered that Hernandez-Castro be transported to a Federal Medical Center for restoration of competency. As such, the trial previously scheduled to be held this month was continued. Rosendo Hernandez wants the trial against him to proceed immediately rather than await a joint trial to be held after his son's competence is restored. He appears to be arguing any further trial delay will violate his right to a speedy trial. The government opposes the motion to sever, explaining any speedy trial argument for severance is unfounded.

When calculating time under the Speedy Trial Act, the court excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). United States v. Lightfoot, 483 F.3d 876, 886 (8th Cir. 2007). To determine if a codefendant's delays are excludable as to all defendants, the court considers whether the speedy trial time is expired as to the delaying codefendant, and whether the period of delay caused by a codefendant's motions or circumstances was reasonable. U.S. v. Vasquez, 918 F.2d 329 (1990); U.S. v. Darby, 744 F.2d 1508, 1517-18 (1984).

    A.    <u>Time Remaining under the Speedy Trial Act</u>.

The indictment in this case was filed on July 22, 2021, and both defendants first appeared before the court on July 29, 2021. Both were detained pending trial, and they are subject to I.C.E. detainers if released. They face up to 20 years in prison on the charges within the indictment.

3

On August 30, 2021, Rosendo Hernandez moved to continue the pretrial motion deadline and trial because he needed additional time to review this case with his attorney and decide whether pretrial motions should be filed. (Filing No. 24). The pretrial motion deadline was extended to October 22, 2021, the trial was set for November 22, 2021, and as to both defendants, the time between the filing of the motion and the new trial date was excluded under the Speedy Trial Act. In the meantime, codefendant Hernandez-Castro requested a change of plea hearing. At that change of plea hearing, he decided not to enter a plea of guilty and his case was placed back on the trial schedule, with the time between his request to enter a change of plea (September 1, 2021) and the new trial date (December 6, 2021) excluded when computing time under the Speedy Trial Act. On the government's motion, the court corrected its error in setting separate trial dates for the two defendants, with a joint trial set for December 6, 2021 and the time excluded as to both defendants. (Filing No. 40). Hernandez-Castro moved for a competency evaluation on November 24, 2021, and that motion remains pending. The trial set for December 6, 2021 was continued. So, while this case has been pending for over four months, only 31 days have expired and 39 days remain on the speedy trial clock.

    B.    Reasonable Delay Pending Competency Restoration

As to Hernandez-Castro, except as to transportation time presumed unreasonable under 18 U.S.C. § 3161(h)(1)(F), the time between the date of filing a motion to determine competency, November 24, 2021, and a judicial determination that Hernandez-Castro is now competent and capable of assisting in the defense of this case is excludable in any computation of time under the requirements of the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A) & (h)(4). United States v. DeGarmo, 450 F.3d 360, 362–63 (8th Cir. 2006) (holding pretrial delay

4

attributable to a competency examination is excludable time under the speedy trial act).

Under 18 U.S.C. § 3161(h)(6), this time period is also excludable as to Rosendo Hernandez, provided the delay is reasonable; that is, if Hernandez-Castro's competence restoration is obtained within a reasonable time frame, that time is excludable time under the Act as to not only Hernandez-Castro, but also Rosendo Hernandez.

Neither the court nor the parties know how long it will take for Hernandez-Castro's transport to and from the Federal Medical Center, nor how much time he will be there. So, the court cannot currently determine whether the delay due to Hernandez-Castro's competency issue will be reasonable. The question before the court at this time is whether severance is required because Rosendo Hernandez' speedy trial rights under either the Speedy Trial Act or the Sixth Amendment will be violated if this case is not severed so he can be immediately tried without awaiting Hernandez-Castro's restoration of competence.

The Speedy Trial Act has not been violated. Over a month of time remains on the speedy trial clock.

The record also does not support a Sixth Amendment speedy trial violation. "It is rare when the Sixth Amendment has been violated, but the Speedy Trial Act has not." United States v. Perez-Perez, 337 F.3d 990, 995 (8th Cir. 2003). Moreover, this case has been pending for less than five months, and if convicted, Rosendo Hernandez is facing a sentence that will likely far exceed the length of his detention thus far. The government is not responsible for any of the past or current trial delay. And Rosendo Hernandez has submitted no evidence to support a claim of prejudice arising from further delay while awaiting

Hernandez-Castro's restoration of competence. While Rosendo Hernandez' motion for severance implicitly asserts his right to a speedy trial, the remaining factors for assessing Sixth Amendment speedy trial rights—length of delay, reason for delay, and prejudice to the defendant—all weigh in favor of finding Rosendo Hernandez' constitutional speedy trial rights are not currently in jeopardy. See Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Flores-Lagonas, 993 F.3d 550, 565 (8th Cir. 2021)

That said, the court will monitor this case. If Hernandez-Castro has not returned to the District of Nebraska with competence restored within 90 days, the court will consider Rosendo Hernandez' renewed motion for severance.

Accordingly,

IT IS ORDERED that Defendant Rosendo Hernandez' motion to sever, (Filing No. 46), is denied without prejudice to refiling on or after March 11, 2022.

December 10, 2021.

                                            BY THE COURT:

                                            *s/ Cheryl R. Zwart*
                                            United States Magistrate Judge